IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATE OF AMERICA, | ) | CR. NO. 12-01014 SOM |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING UNITED STATES' |
| | ) | MOTION TO REDUCE SENTENCE |
| vs. | ) | PURSUANT TO RULE 35(b) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| ALVIN HENNIG, | ) | PROCEDURE |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING UNITED STATES'
MOTION TO  REDUCE SENTENCE PURSUANT TO
RULE 35(b) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States has moved pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction in the sentence imposed on Defendant Alvin Hennig.

Hennig pled guilty to having possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  His sentence included 100 months in custody.  That was a below-guideline sentence, the applicable guideline range having been 135 to 168 months.  Because Hennig qualified for the safety valve, the court was not bound by what would have been a statutory mandatory minimum sentence of 120 months.

Following sentencing, Hennig was listed as a witness by the United States in United States v. Faaita, Crim. No. 14-00193 LEK.  Although Hennig was transported from the out-of-state BOP facility where he was serving his sentence back to Honolulu for the Faaita trial, the United States ultimately opted not to call

Hennig during trial.  Nevertheless, recognizing that Hennig had provided substantial assistance, the United States now moves to reduce his 100-month sentence by 12 months.

Hennig seeks a reduction of 24 months, noting that he assisted the United States not only with respect to Faaita, but also with respect to Roger Larson, who also faced federal drug charges.  Larson testified during the <u>Faaita</u> trial.  The United States acknowledges Hennig's assistance concerning Larson but says that was taken into account in the decision not to cite Hennig's prior state drug conviction to enhance the statutory mandatory minimum and maximum.  Given Hennig's eligibility for the safety valve, however, Hennig's guideline range would have been 135 to 168 months even with enhanced statutory penalties.

Faaita was convicted before Larson was sentenced.  Larson was in Criminal History Category IV, and his guideline range was 262 to 327 months.  The United States recommended that Larson be sentenced to 121 months in light of his substantial assistance in the <u>Faaita</u> case.  Judge Derrick Watson sentenced Larson to 100 months.

During the hearing on the present motion, this court discussed with the attorneys the magnitude of the substantial assistance credit (141 months) the United States recommended for Larson as compared to the 12-month reduction the United States recommends here for Hennig.  There is no dispute that Larson

2

deserves considerably more credit than Hennig, given Larson's testimony during grand jury proceedings and trial, his family ties with Faaita, and his greater ability to provide credible information against Faaita.  The only question for the court was whether it made sense for the United States to recommend that Hennig receive only one-twelfth the credit the United States recommended for Larson.

Having discussed the matter with the attorneys, this court announced at the hearing that it was reducing Hennig's 100-month sentence by 16 months to 84 months.

This order memorializes the court's granting of the United States' motion and the reduction Hennig's sentence to 84 months.  Hennig substantially limited his right of appeal in his plea agreement, but the court advises Hennig that, if he is considering an appeal, the appeal deadline is fourteen days from entry of this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 24, 2016.



/s/Susan Oki Mollway
SUSAN OKI MOLLWAY
UNITED STATES DISTRICT JUDGE

United States v. Alvin Hennig; CRIMINAL NO. 12 01014 SOM
ORDER GRANTING UNITED STATES' MOTION TO REDUCE SENTENCE PURSUANT TO RULE 35(b)
OF THE FEDERAL RULES OF CRIMINAL PROCEDURE